UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LEE MCCLAIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 18-1241-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING PLAINTIFFS HAYES AND STATEN,
DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 2),
GRANTING MOTIONS TO ADD ADDITIONAL PLAINTIFFS (ECF NOS. 4 & 7),
AND DIRECTING PLAINTIFFS TO COMPLY WITH 28 U.S.C. § 1915(a)(1)-(2)

On December 10, 2018, Plaintiff James Lee McClain and fifteen others, all of whom at the time of filing were incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a joint *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Plaintiffs raise several issues concerning the conditions of the CJC, including alleged mold and mildew on the walls and floors, overpopulation of the pods and cells, and a lack of recreation. They seek condemnation of the CJC and $50 million in damages. (*Id.* at PageID 2-3.)

After docketing this matter, the Clerk sent to each original Plaintiff a copy of the docket sheet. The CJC returned as undeliverable the mailings sent to Plaintiffs William Hayes and Jonathan B. Staten with a notation that the two Plaintiffs are "Not Here." (ECF

Nos. 5 & 6.) The most basic responsibility of a litigant is to keep the Court advised of his whereabouts. Plaintiffs Hayes and Staten have failed to notify the Court of their current location. Therefore, it appears these Plaintiffs have abandoned this action. Accordingly, Plaintiffs William Hayes and Jonathan B. Staten are DISMISSED from this matter, pursuant to Federal Rule of Civil Procedure 41(b).

The Plaintiffs have filed a motion for the appointment of counsel, (ECF No. 2), and two motions to add additional Plaintiffs. (ECF Nos. 4 & 7.) Because this case is currently undergoing screening, the motion for appointment of counsel is premature and is therefore DENIED without prejudice to refiling at a later, appropriate time.

The motion to add additional Plaintiffs filed December 17, 2018, seeks to add four other individuals who are, presumably, inmates at the CJC. (ECF No. 4.) The second motion to add additional Plaintiffs was filed January 28, 2019. (ECF No. 7.) It includes two identical lists of eleven individuals to be added as Plaintiffs, (*id.* at PageID 20-21), and a third list that includes a twelfth proposed Plaintiff. (*Id.* at PageID 21.) One of the listed individuals, Paul Tims, is noted to have been "transferred to Fayette Co.," apparently an indication he is now incarcerated at the Fayette County Detention Center in Somerville, Tennessee. (*Id.*) The motion also notes that another individual, Kendrick Williams, "got released." (*Id.*) The Court has no information regarding his current address.[1] The others are, again, presumed to be inmates at the CJC.

---

[1] A telephone number is provided for Williams, but it is not the Court's responsibility to telephone a potential plaintiff for whom no current address is provided.

With the exception of Kendrick Williams, both motions to add Plaintiffs are conditionally GRANTED, provided that each Plaintiff submits the documentation required by this order and thus acknowledges his consent to be a part of this lawsuit.²

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

In order to take advantage of the installment procedures, however, a prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Each Plaintiff, those named in the original complaint and those added by this order, is ORDERED to submit, within 30 days after the date of this order, a properly completed and executed *in forma pauperis* affidavit form and a copy of his trust account statement for the last six

---

² The Clerk therefore is DIRECTED to add the following fifteen Plaintiffs to the docket: Wesley C. Glidewell, Felipe Bobbitt, Mikael Bond, Jeremiah Kirk, Deundre Long, D'Andre Perry, Juan Simmons, Damion Patmon, Paul Tims, Calandre Hunt, Sadarrius Bond, Chris Deem, Anthony Williams, Charles Greer, and Brent Martin. Plaintiff Paul Tims's address should be listed as the Fayette County Detention Center, P.O. Box 219, Somerville, TN 38068. *See* www.fayettecountysheriff.org/jail.html.

months. Any Plaintiff unable to obtain his trust fund account statement from the CJC must inform the Court in writing and file the affidavit to proceed *in forma pauperis* by itself.³ If any Plaintiff needs additional time to file the required documents, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If any Plaintiff fails to comply with this order in a timely manner, the Court will deny him leave to proceed *in forma pauperis* and dismiss that Plaintiff from this action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.

If any Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of that Plaintiff from this matter, without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                                     s/ **James D. Todd**
                                                     JAMES D. TODD
                                                     UNITED STATES DISTRICT JUDGE

---

³ Plaintiff McClain alleges that he attempted to obtain and send a copy of his trust account statement, but the Madison County Sheriff's Office hindered him from doing so. Plaintiff McClain is instructed to make another attempt at forwarding to the Court his trust account statement. As stated, he must submit an *in forma pauperis* affidavit even if he cannot obtain his trust account statement.