UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES LEE MCCLAIN, | ) |
|     Plaintiff, | ) |
| VS. | )    No. 18-1241-JDT-cgc |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) |
|     Defendants. | ) |

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 26, 2019, the Court entered an order reinstating Plaintiff James Lee McClain as a party in this matter, directing him to comply with 28 U.S.C. §§ 1915(a)-(b), and severing Plaintiff Larry D. Horton from this case. (ECF No. 30.) McClain is now the sole remaining Plaintiff in this matter. On September 9, 2019, McClain filed an application to proceed *in forma pauperis* but again alleges that he remains unable to obtain a copy of his prison trust account statement. (ECF No. 35.) Because McClain submitted the affidavit, the Court will proceed and screen the complaint. Horton sues the Madison County Sheriff's Department and the State of Tennessee.

Under the Prison Litigation Reform Act (PLRA), §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

McClain has filed more than three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Therefore, he may not file any further

---

[1] *See McClain v. Storey, et al.*, No. 5:15-cv-05113-TLB (W.D. Ark. Oct. 5, 2015) (dismissed as frivolous); *McClain v. Bennington, et al.*, No. 6:14-cv-01543-MO (D. Ore. Jan. 21, 2015) (dismissed for failure to state a claim); and *McClain v. Storey, et al.*, No. 5:13-cv-05245-TLB (W.D. Ark. Apr. 3, 2014) (dismissed as frivolous and for failure to state a claim).

action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In the complaint, McClain alleges that the Madison County Sheriff's Department and the State of Tennessee, and their "employees/representatives," subjected him (and all original Plaintiffs in this matter) to deplorable conditions, including mold and mildew on the walls, floors, and ceilings within the Madison County Jail (Jail). (ECF No. 1 at PageID 2.) McClain further alleges the cells and pods at the Jail are overpopulated, forcing some inmates to sleep on the floor without a mattress or blanket. (*Id.*) He alleges there are insufficient tables at which to sit during meals, the paint along "the feed trap" is chipped, and that the Jail forces inmates to live in overall "animal conditions." (*Id.*) McClain alleges that the ceilings leak and have sprouted mushrooms and that the inmates are allowed insufficient shower time. (*Id.*) He alleges the inmates are confined to their cells "24 hours a day without recreation in an insect infested poorly ventilated area" and each is allowed only eight square feet of space. (*Id.* at PageID 5.)

McClain also alleges he has a history of blood clots and has an inferior vena cava (IVC) filter inserted to prevent a blood clot from travelling to his lungs. (*Id.* at PageID 5.) He alleges that when he arrived at the Jail in November 2018, he was without his medication for three weeks, which he alleges should be "considered attempted murder."

(*Id.*)  He further alleges his filter is improperly inserted and may not be able to be removed. (*Id.* at PageID 6.)  He describes his health as "critical and very serious."  (*Id.*)

The complaint seeks to hold the Madison County Sheriff's Department and the State of Tennessee liable based on a "[causal] connection between the officials conduct and are liable and or responsible for subjecting all plaintiffs and or caused us to be subjected to cruel and unusual punishments."  (*Id.* at PageID 7.)  The complaint in passing alleges that the State of Tennessee "imposes a hardship on the plaintiffs limited to no access to the courts which is adequate[,] effective and meaningful."  (*Id.* at PageID 8.)  McClain further alleges the State "does not comply with due process of law and or rights."  (*Id.*)

None of McClain's allegations sufficiently allege that he was in imminent danger of serious physical injury at the time he filed his complaint.  McClain asserts that he has serious health problems but does not allege he is in danger of imminent physical harm because of the conditions at the Jail.  *See Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (affirming dismissal of prisoner's complaint under § 1915(g) because prisoner "failed to tie his legal claims to his allegations of spine disease and resulting pain").  His allegation that he was denied medication in the past is insufficient to satisfy § 1915(g).  *See Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").  McClain's remaining allegations are stated generally, and he does not allege that any of the conditions at the Jail put him personally in danger of real, immediate physical harm.  *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (explaining that, to meet the requirement of § 1915(g), "the threat or prison condition 'must be real and proximate' and the danger of

serious physical injury must exist at the time the complaint is filed"); *Clark v. Morgan*, No. 2:15-CV-10994, 2015 WL 1541890, at *2 (E.D. Mich. Apr. 7, 2015) (citing *Thompson v. Sampson*, No. 1:10-CV-231, 2010 WL 1027897, at *3 (W.D. Mich. Mar. 18, 2010)) ("Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule.") The complaint therefore does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless McClain first tenders the civil filing fee.

Accordingly, this action is DISMISSED without prejudice. McClain may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee. The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by McClain in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE